UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAMIRO SUÑIGA-SÁNCHEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 09-1662 (JAF)<br><br>(Crim. No. 06-083) |

**O R D E R**

On July 14, 2009, Petitioner, Ramiro Súñiga-Sánchez, petitioned this court for post-conviction relief from a federal judgment pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel in violation of the Sixth Amendment.[1] (Docket No. 1.) Respondent, the United States of America, opposed on August 7, 2009. (Docket No. 3.)

Petitioner alleges ineffective assistance of counsel in three respects: (1) Petitioner did not benefit from the terms of his plea agreement; (2) there is newly-discovered evidence suggesting that the prosecution failed to make mandatory disclosures at trial; and (3) Petitioner's

---

[1] A federal district court has jurisdiction to entertain a § 2255 motion when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. The petitioner may challenge his sentence on the basis that: (1) the court imposed the sentence in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a). Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b).

"A § 2255 motion which is facially inadequate may be summarily denied, i.e., motions stating nonconstitutional grounds, contentions which are 'wholly incredible,' or cognizable claims stating conclusions without specific and detailed supporting facts . . . . Facially adequate § 2255 claims may be summarily denied when the record conclusively contradicts them." United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984) (internal citations omitted).

counsel had failed to object to the imposition of a sentence based upon the full amount of narcotics stated in the indictment.[2] (Docket No. 1.) Petitioner's claims are patently meritless.

First, under his plea agreement, Petitioner agreed to plead guilty to the first three of four counts in the indictment and accepted responsibility for an amount of three-and-one-half, but no more than five, kilograms of cocaine. (Crim. No. 06-083, Docket No. 343.) The agreement recommended a sentencing range of seventy to eighty-seven months' incarceration. (Id.) On January 9, 2007, we rendered judgment against Petitioner for the first three of four counts in the indictment, dismissing the final charge against Petitioner. (Crim. No. 06-083, Docket No. 465.) We sentenced Petitioner to seventy-eight months in federal detention in accordance with his responsibility for at least three-and-one-half, but less than five, kilograms of cocaine. (Id.) These terms are well within the range of outcomes contemplated in his plea agreement.

Second, Petitioner alleges no details in support of his averment of newly-discovered evidence. (Docket No. 1.) We cannot assess the merits of this claim because Petitioner raises it in a perfunctory manner. See United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984).

Third, we did not convict and sentence Petitioner for the full amount alleged in the original indictment. The indictment accused Petitioner of participation in a conspiracy to distribute five or more kilograms of cocaine. (Crim. No. 06-083, Docket No. 16.) As stated above, we explicitly sentenced Petitioner for three offenses involving at least three-and-one-half, but less than five, kilograms of cocaine. (Crim. No. 06-083, Docket No. 465.)

[2] Because Plaintiff is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Plaintiff's pro-se status does not insulate him from the strictures of procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Accordingly, we must summarily deny Petitioner's petition because it is facially inadequate. See Butt, 731 F.2d at 77.

In view of the foregoing, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily **DISMISS** this petition, because it is plain from the record that Petitioner is entitled to no relief.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 8th day of January, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge